**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **TAJM, LLC d/b/a MIKE LAWS PERFORMANCE**<br><br>Plaintiff,<br><br>v.<br><br>**SUNSET PERFORMANCE ENGINES, L.L.C.**<br><br>Defendant. | Civil Action No. 4: 23-cv-1066-SDJ<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF TAJM'S MOTION FOR CONTINUANCE PER RULE 56(d)**

Plaintiff TAJM, LLC d/b/a Mike Laws Performance ("TAJM" or "Plaintiff") files this Motion for Continuance per Rule 56(d) in regard to the Motion for Summary Judgment (Dkt. #20) filed Defendant Sunset Performance Engines, L.L.C. ("Sunset" or "Defendant").

## TABLE OF CONTENTS

INTRODUCTION 1

ARGUMENT AND AUTHORITY 2

I. Legal Standards for a Continuation Under Rule 56(d) 2

II. The Court Has Not Yet Ruled on Defendant's Motion for Summary Judgment 3

III. Plaintiff TAJM has Served Discovery on Defendant Sunset Directly Pertinent to the Arguments Raised in the Summary Judgment Motion 4

IV. Defendant Sunset has Improperly Withheld Documents and Information and Failed to Properly Respond to Plaintiff TAMJ's Discovery Requests 5

A. Defendant Sunset's Use of Boilerplate "General Objections" is Clearly Improper and Contrary to the Federal Rules 5

B. Defendant Sunset's Responses Fail to State Whether any Responsive Documents or Information is Being Withheld 7

C. Plaintiff TAJM Has a Reasonable Basis to Believe that Defendant Sunset has Improperly Withheld Documents and Information Relevant to the Pending Summary Judgment Motion 8

1. Based on Publicly-Available Evidence, it Appears that Defendant Has Produced Documents on Only a Small Fraction of the Engines and Carburetors Defendant has Sold 9

2. Defendant Has Flatly Refused to Produce Any Documents Regarding Relevant and Pertinent Dynamometer Testing Conducted by Defendant 10

3. Plaintiff Has Reason to Believe that Defendant Has Withheld Copies of its Advertising Materials 12

4. Plaintiff is Without Information Sufficient to Determine Whether Defendant Has Withheld Additional Evidence as to Infringement 13

V. The Discovery Sought by Plaintiff Pertains Directly to the Arguments Presented in Defendant's Motion for Summary Judgment 15

CONCLUSION 16

## EXHIBIT LIST

| | |
|---|---|
| Exhibit A | Declaration of Kenneth Thomas Emanuelson |
| Exhibit B | Plaintiff TAJM's First Set of Requests for Production to Defendant Sunset Performance Engines, LLC |
| Exhibit C | Plaintiff TAJM's First Set of Interrogatories to Defendant Sunset Performance Engines, LLC |
| Exhibit D | Defendant's Responses and Objections to Plaintiff TAJM, LLC's First Set of Requests for Production |
| Exhibit E | Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant |

## INTRODUCTION

On December 4, 2023, Plaintiff TAJM filed this action against Defendant Sunset Performance Engines, LLC ("Sunset") for infringement of Design Patent No. D748,149 (directed to twin blade carburetors) and Patent No. 10,036,357 (directed to interchangeable threaded fuel jet tubes). On November 26, 2024, before claim construction and before the completion of discovery, Defendant Sunset filed its Motion for Summary Judgment and Brief in Support ("Defendant's Motion") (Dkt. #20). Defendant's Motion argues that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" under FED. R. CIV. P. 56(a).

In support of its Motion, Defendant has submitted a July 22, 2024, Declaration of Trevor Wiggins ("Wiggins Declaration") and an October 18, 2024, Declaration of Jennifer Jolly ("Jolly Declaration,") along with a collection of other exhibits relating to prior litigation between Trevor Wiggins and Mike Laws, the owner of Plaintiff TAJM, LLC.

Defendant's Motion is based on two principal arguments, as follows:

1. Defendant argues that there is no genuine dispute on the question of whether Defendant made, used, sold or offered to sell any twin-blade carburetors or fuel jet tubes obtained from Get'M Performance Products, LLC.[1]

2. Defendant argues that there is no genuine dispute as to whether the twin blade carburetors and fuel jet tubes Defendant purchased from Get'M Garage, LLC were licensed by Plaintiff TAJM, LLC.[2]

As explained in detail below, Plaintiff has served Requests for Production and Interrogatories on Defendant pertinent and relevant to these questions, but Defendant has failed to properly respond to Plaintiff's Requests and Interrogatories specifically directed to identifying the engine, carburetor and fuel jet tube products made, used, offered for sale and sold by

[1] Defendant's Motion, p. 9.
[2] Defendant's Motion, p. 12.

Defendant. Defendant's inadequate responses and sparse disclosure of documents have rendered Plaintiff unable to adequately ascertain the scope of twin blade carburetors and fuel jet tubes made, used, sold or offered for sale by Defendant. Accordingly, Defendant seeks a continuance from this Court to permit Plaintiff to secure the requested documents and other evidence from Defendant and to then depose Trevor Wiggins and Jennifer Jolly.

**ARGUMENT AND AUTHORITY**

**I. Legal Standards for a Continuation Under Rule 56(d)**

Rule 56 allows a party to move for summary judgment "at any time," but a grant of summary judgment is premature and improper where basic discovery has not yet been completed. *See* Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil § 2741 at 412-19 (3d 1998); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In the Fifth Circuit, courts have broad discretion to deny a motion for summary judgment as premature. *See, e.g., Gabarick v. Laurin Mar. (Am.), Inc.*, 406 Fed. App'x. 883, 890 (5th Cir. 2010); *Sunbelt Sav., FSB Dall., Tex. v. Montross*, 923 F.2d 353, 358 (5th Cir. 1991).

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). The Fifth Circuit has explained that Rule 56(d) is designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)); *Culwell v. City of Fort Worth*, 468 F.3d 868,

871 (5th Cir. 2006). For this reason, the Fifth Circuit has consistently held that Rule 56(d) motions are "broadly favored" and should be "liberally granted." *See, e.g., Raby*, 600 F.3d at 561; *see also Culwell*, 468 F.3d at 871.

A party seeking a continuance for obtaining discovery should indicate to the court why additional discovery is necessary and how the additional discovery is likely to create a genuine issue of material fact. *See Whitener v. Pliva, Inc.*, 606 Fed. App'x 762, 765 (5th Cir. 2015). A request to stay summary judgment under Rule 56(d) should set forth a plausible basis for believing that specified evidence, susceptible of collection within a reasonable time frame, likely exists and should indicate how the evidence will influence the outcome of the pending summary judgment motion. *Jacked Up, L.L.C. v. Sara Lee Corp*., 854 F.3d 797, 816 (5th Cir. 2017). A court should generally grant a continuance for additional discovery where the nonmovant:

(i) requests extended discovery prior to the Court's ruling on summary judgment;

(ii) places the Court on notice that further discovery pertaining to the summary judgment motion was being sought; and

(iii) demonstrates to the Court with reasonable specificity how the requested discovery pertains to the pending motion.

*Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (construing former FED. R. CIV. P. 56(f)). As set forth in detail below, the circumstances of this motion meet each of the above elements.

## II. The Court Has Not Yet Ruled on Defendant's Motion for Summary Judgment

In regard to the first element, Defendant's Motion for Summary Judgment (Dkt. #20) was filed on November 26, 2024. Briefing on the Motion is not yet complete and the Court has not yet rendered a ruling on the Motion. Plaintiff is requesting extended discovery via the present motion. Thus, there is no question as to whether the first element is met in the present case.

## III. Plaintiff TAJM has Served Discovery on Defendant Sunset Directly Pertinent to the Arguments Raised in the Summary Judgment Motion

Plaintiff has already sought discovery in this case directly pertinent to multiple issues raised in Defendant's Motion. Attached as Exhibit B and C to this Motion are Plaintiff's First Set of Requests for Production and Plaintiff's First Set of Interrogatories. As reflected in the attached exhibits, Plaintiff has sought discovery from Defendant in regard to the following issues:

1. The model numbers and serial numbers of the Get'M carburetors and fuel jet tubes that Sunset has ordered, requested, purchased, received, otherwise acquired, sold, offered for sale, advertised, quoted, invoiced, delivered, or otherwise provided to from January 2018 forward;[3]

2. Documents relating to all dynamometer testing conducted by Sunset from January 2018 to the present, including customer name, engine and carburetor specifications, performance evaluations for each test and related parameters;[4]

3. Copies of all advertisements and other public communications created, broadcast, published, posted and/or distributed by Sunset mentioning, promoting or relating to Trevor Wiggins or any Get'M Entity "Get'M," "TwinBlade," "Twin Blade," or dynamometer tests performed by Sunset;[5]

4. All documents supporting, contradicting or otherwise relevant to Sunset's denial that it has made, used, offered for sale and/or sold engines and/or carburetors incorporating one or more inventions claimed under U.S. Design Patent D148,149 or U.S. Utility Patent 10,036,357.[6]

The above discovery requests are directly relevant and pertinent to the arguments presented in Defendant's Motion. Defendant's Motion is directed in large part to Defendant's argument that it has not made, used, sold or offered for sale any accused infringing carburetors or fuel jet tubes from certain sources. A review of Plaintiff's discovery requests will reveal that they are

---

[3] Exhibit B, Plaintiff's First Set of Requests for Production ("TAJM RFPs"), Request Nos. 1 and 2, p. 6.

[4] TAJM RFPs No. 10, p. 7.

[5] TAJM RFPs No. 11, p. 7.

[6] TAJM RFPs No. 17, p. 8; TAJM RFP No. 18, p. 8.

specifically directed to Defendant's use, sales and offers of the accused "twin blade" style carburetors and threaded fuel jet tubes. Unfortunately, as set forth in the following section, Defendant has failed to properly respond to Plaintiff's discovery requests.

## IV. Defendant Sunset has Improperly Withheld Documents and Information and Failed to Properly Respond to Plaintiff TAMJ's Discovery Requests

As set forth above, Plaintiff served a set of discovery requests on Defendant seeking evidence that is directly pertinent to the arguments presented in Defendant's Motion for Summary Judgment. Defendant's Responses and Objections to Plaintiff's discovery requests are attached as Exhibits D and E to this Motion.

### A. Defendant Sunset's Use of Boilerplate "General Objections" is Clearly Improper and Contrary to the Federal Rules

Defendant Sunset has relied heavily on boilerplate "general objections" and submitted each of its discovery responses "subject to" its "general objections," directly contrary to the Federal Rules. This Court has consistently admonished litigants against the use of boilerplate "general objections" in their responses to discovery requests. Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.

It is well-established that the use of boilerplate "general objections" in response to requests for production and interrogatories is improper and operates as a waiver of objection. This issue was addressed directly in *Tsanacas v. Amazon.com, Inc.*, as follows:

> Defendant Leath waived several objections by making boilerplate over broad, unduly burdensome, and relevance objections. It is well-established that parties cannot make general or boilerplate objections to discovery requests. Rule 34 requires that a response to an RFP "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." The party resisting discovery "must show specifically . . .

> how each [request] is not relevant or how each question is overly broad, burdensome or oppressive." A party may not "refuse discovery simply by making a boilerplate objection that it is not proportional." Because "[i]n the face of [general] objections, it is impossible to know whether information has been withheld and, if so, why."

*Tsanacas v. Amazon.Com, Inc.*, Civil Action No. 4:17-CV-00306, at *4, 2018 WL 324447, at *2-*3 (E.D. Tex. Jan. 8, 2018) (Mazzant, J.) (internal citations omitted). The same conclusion was reached in *Star Creek Ctr., LLC v. Seneca Ins. Co.*, wherein the court reiterated that respondents employing general objections and responding "subject to" such objections waive their objections:

> The Court further finds Seneca waived each of its objections by including "subject to" in the response. The practice of including "subject to" or "without waiving" statements after objections is an age-old habit comparable to belts and suspenders. This practice is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."
>
> A response that states "subject to this objection and to the general objections" is not specific enough as to either (1) the completeness of the answer or (2) the availability of documents for inspection. The Court finds that Seneca's inclusion of "subject to this objection and to the general objections" is not supported by the federal rules and goes against the purposes of a just, speedy, and inexpensive resolution.

*Star Creek Ctr., LLC v. Seneca Ins. Co.*, Civil Action No. 4:17-CV-00607, at *5, 2018 WL 1934084, at *2 (E.D. Tex. Apr. 23, 2018) (internal citations omitted).

Defendant's Responses and Objections to Plaintiff's First Set of Requests for Production open as follows:

> **<u>GENERAL OBJECTIONS</u>**
>
> The following General Objections are incorporated by reference into each of Sunset's specific responses (hereinafter, "Responses") to Plaintiff's Requests. Any specific Response herein by Sunset to TAJM's Requests is made subject to these General Objections:[7]

[7] Exh. D, Defendant's RFP Responses, p. 1.

Defendant's Responses to Plaintiff's First Set of Interrogatories include the same boilerplate language as its responses to Plaintiff's Requests for Production.[8] In each case, Defendant's boilerplate "general objections" are followed by a list of objections identified by Defendant as "specific objections." The list of Defendant's "specific objections" is then followed by the following language:

> Subject to and without waiving those objections, Defendant further objects and responds to each of Plaintiff's Requests as follows:[9]

Defendant Sunset's general, boiler-plate objections to Plaintiff's discovery requests are precisely the type of objections that have been consistently rejected by this Court as improper and inappropriate. As with the responses in *Tsanacas* and *Star Creek*, Defendant's objections and responses are confusing, possibly misleading, and have no basis at all in the Federal Rules of Civil Procedure. Defendant's responses are not specific enough as to the completeness of Defendant's answers or the availability of documents for inspection. Accordingly, pursuant to this Court's precedents, Defendant's objections have been waived.

**B. Defendant Sunset's Responses Fail to State Whether any Responsive Documents or Information are Being Withheld**

Under the Federal Rules, a party responding to a discovery request has an obligation to state whether responsive documents are being withheld on the basis of an objection. Specifically, Rule 34(b)(2)(C) reads as follows:

> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Accordingly, Defendant has a burden under Rule 34(b)(2)(C) to clearly state in each response whether materials are being withheld in response to that request.

---

[8] Exh. E, Defendant's Interrogatory Responses, p. 1.
[9] Defendant's RFP Responses, para. 13, p. 5; Defendant's Interrogatory Responses, para. 14, p. 5.

As noted above, Defendant's reliance on general / boilerplate objections in its responses to discovery requests is completely improper. It is also improper to respond with ambiguity as to whether documents are being withheld in response to a request. In most cases, Defendant's responses to Plaintiff's requests for production completely fail to specify whether responsive materials have been withheld. Examples of Defendant's responses include slight variations on the following language:

> "Subject to these objections and the general and specific objections outlined above, Defendant will produce responsive documents."[10]

As set forth above, reliance on boilerplate general objections is improper. Further, Defendant's failure to state whether documents have been withheld is directly contrary to the letter and spirit of Rule 34(b)(2)(C). Accordingly, Defendant's responses are contrary to the Federal Rules.

### C. Plaintiff TAJM Has a Reasonable Basis to Believe that Defendant Sunset has Improperly Withheld Documents and Information Relevant to the Pending Summary Judgment Motion

Plaintiff has reason to believe that Defendant's behavior in regard to document discovery is not limited to the improper use of boilerplate general objections or the failure to specify whether any documents have been withheld from disclosure. This is true in regard to several categories of documents, as set forth below.

#### *1. Based on Publicly-Available Evidence, it Appears that Defendant Has Produced Documents on Only a Small Fraction of the Engines and Carburetors Defendant has Sold*

A review of Defendant's production in regard to carburetors reveals that Defendant has identified the source and model of approximately 220 carburetors. Based on recently-discovered information, this appears to be a small fraction of the engines and carburetors sold by Defendant.

[10] Defendant's Responses, Nos. 1-5, pp. 5-8; Defendant's Responses, Nos. 6-9, pp. 8-9; Defendant's Responses, Nos. 11-16, pp. 10-11.

Based upon public statements made by Defendant's owner, Robert "Joe" Jolly, and recently uncovered by Plaintiff, Defendant sells approximately 200-250 engines per year, and has sold even more in prior years.[11] Specifically, Jolly stated as follows:

> [W]e're doing 200, 250 engines now, we used to do more, but the engines have gotten so much more complicated and take more time that we're probably down to 2 to 250 a year now.[12]

Thus, over the six-year period covered by the infringement claims in this case, it appears that Defendant has sold between 1,200 and 1,500 engines during the relevant period, each of which would include either one or two carburetors, depending on the particular model of engine. If each engine sold by Defendant incorporated two carburetors, the number of carburetors could number as high as 3,000. Even assuming that all the engines sold included only one carburetor each, the quantity of engines would number at least approximately 1,200 over the relevant six-year period.

Thus, it appears that at least 1,000 carburetors, and perhaps as many as 2,700 carburetors sold by Defendant over the past six years remain identified by Defendant. This is relevant to the pending summary judgment motion because Defendant Sunset alleges it has not sold any twin blade carburetors made by Get'M Performance. Plaintiff obviously cannot respond to the pending summary judgment motion until Defendant Sunset fully and properly responds to Plaintiff's discovery requests. Plaintiff cannot determine whether the unidentified carburetors are the infringing "twin blade" carburetors at issue in this case.

2. *Defendant Sunset Has Flatly Refused to Produce Any Documents Regarding Defendant's Relevant and Pertinent Dynamometer Testing of Engines*

---

[11] *Engine Builder* video, https://www.youtube.com/watch?v=MPPs3I1eA9A
[12] *Engine Builder* video, at 5:49.

Related to the above issue, Defendant has flatly refused to produce documents related to the dynamometer testing performed by Defendant. Plaintiff has reason to believe that Defendant has run dynamometer reports on all engines sold by Defendant during the relevant six-year time period. The dynamometer reports may also include additional engines and carburetors made, used and offered for sale but not sold by Defendant.

A comprehensive dynamometer report is a report on a test of an engine's power and torque output. These reports will normally include the identification of the model and type of carburetor(s) installed on the engine, along with any changes made to the carburetor(s) and other components to optimize power and torque. For engines using interchangeable threaded fuel jet tubes of the type accused of infringement in this case, the dynamometer report would likely include the identification of the specific fuel jet tubes used in the engine test. Accordingly, dynamometer testing by Defendant is highly relevant to the claims and defenses in the present case, and Defendant's refusal to produce these highly relevant documents is not appropriate. Specifically, Plaintiff's Request No. 10 read as follows:

> **REQUEST NO. 10:** Documents sufficient to identify and detail all dynamometer testing performed by Sunset from January, 2018 to the present, including the customer name, if applicable, engine and carburetor specifications and performance evaluations for each test, including but not limited to: engine displacement, number of carburetors, RPM range, torque, horsepower, fuel used, fuel flow, brake specific fuel consumption, individual cylinder and/or collector-based air fuel ratios, all graphic data, weather data, correction factor and detailed tuning changes, if any, made during each test session.[13]

Defendant responded to Request No. 10 as follows:

> **RESPONSE TO REQUEST NO. 10:** Objection. Sunset objects to this Request because it seeks confidential and/or proprietary business and trade information, the disclosure of which may harm Sunset financially, economically, or otherwise. Furthermore, Sunset objects to this Request 10 because it is not narrowly tailored to seek information relevant to the claims or defenses in this case. Subject to these

[13] TAJM RFPs, p. 7.

> objections and the general and specific objections outlined above, Sunset will not produce dynamometer testing information sought in this Request.[14]

Sunset's first objection based on the need to protect confidentiality is clearly without merit. Any confidential or proprietary business documentation can be produced as "Confidential Information" pursuant to the Protective Order (Dkt. #8, Appx. A) issued by the Court in this case on February 6, 2024. Producing this documentation as "Confidential Information" would safeguard Defendant's proprietary information.

Defendant's objection in regard to relevance is equally meritless. Defendant's dynamometer testing goes directly to the question of whether Defendant has made, used, sold or offered for sale engines incorporating the accused twin blade carburetors and fuel jet tubes. Accordingly, Plaintiff's request for this information was relevant when served. This evidence is even more relevant in light of the assertions made in the Jolly Declaration, which asserts—or at least strongly suggests—that Sunset ceased using "Twin Blade" carburetors in the Summer 2019 based on a determination by Defendant that the engines using "twin blade" carburetors did not perform well. Accordingly, this documentation is highly relevant to the arguments presented in Defendant's Motion and it is improper for Defendant to withhold this documentation from Plaintiff.

*3. Plaintiff Has Reason to Believe that Defendant Has Withheld Copies of its Advertising Materials*

Plaintiff has requested copies of certain categories of Defendant's advertisements. These documents are directly relevant to the question of whether Defendant has offered accused infringing products for sale to its customers. As an example, Plaintiff's Request No. 12 reads as follows:

[14] Defendant's Responses to RFPs, pp. 9-10.

> **REQUEST NO. 12:** Copies of all advertisements and public communications created, broadcast, posted, published and/or distributed by Sunset mentioning, promoting or relating to the terms "Get'M," "TwinBlade" or "Twin Blade," from January 2018 forward.[15]

Defendant's Responses to Requests 12 reads as follows:

> **RESPONSE TO REQUEST NO. 12:** Subject to the general and specific objections outlined above, Sunset will produce responsive documents.[16]

Despite committing to produce documents responsive to the above requests and similar requests directed to advertising, Plaintiff can only identify 48 pages out of over 2,000 documents produced that could reasonably be considered responsive to the above requests. All of the potentially-responsive documents produced by Defendant appear to be smartphone screenshots of posts on Defendant's Facebook page. By way of comparison, Plaintiff has produced to Defendants over 150 pages of advertisements published by Defendant. As above, given the relative paucity of documents produced by Defendant in response to these requests, it appears likely that Defendant has withheld relevant responsive documents from production, while representing—or at least implying—that no documents have been withheld from production. These documents are directly relevant to the question of whether Defendant has offered accused products for sale. Accordingly, Plaintiff seeks the opportunity to secure these documents from Defendant.

*4. Plaintiff is Without Information Sufficient to Determine Whether Defendant Has Withheld Additional Evidence as to Infringement*

The issues identified above also apply to Defendant's objections and responses to Plaintiff's Requests 17 and 18. Request No. 17 reads as follows:

[15] TAJM RFPs, p. 7.
[16] Defendant's Responses to RFPs, p. 10.

> **REQUEST NO. 17:** All documents supporting, contradicting or otherwise relevant to Sunset's denial of the allegations of Paragraph 30 of Plaintiff's Complaint.[17]

Paragraph 30 of Plaintiff's Complaint reads as follows:

> 30. On information and belief, Sunset has made, used, offered for sale and/or sold engines and/or carburetors incorporating one or more inventions claimed under U.S. Design Patent D148,149.[18]

Defendant's Response to this request reads as follows:

> **RESPONSE TO REQUEST NO. 17:** Objection. Sunset objects to this Request because it requires Sunset to improperly marshal its evidence. Sunset also objects to this Request to the extent it seeks information protected from discovery by the attorney/client privilege, work-product doctrine (including the trial preparation materials doctrine), trial expert privilege, or any other rule or privilege of confidentiality provided by law. Sunset will not produce such information or privileged documents, and its Responses should be construed accordingly. Subject to these objections and the general and specific objections outlined above, Sunset will produce responsive documents.[19]

These requests are directly relevant and pertinent to the arguments presented in Defendant's Motion for Summary Judgment. Once again, Defendant relies on its boilerplate general objections and has declined to state whether documents have been withheld. For the reasons set forth above in regard to Plaintiff's other requests and responses, Defendant's cryptic responses leave Plaintiff unable to ascertain whether Defendant has withheld documents from production, and if so, which documents.

## IV. The Discovery Sought by Plaintiff Pertains to the Arguments Presented in Defendant's Motion for Summary Judgment

The categories of evidence sought by Plaintiff are directly relevant and pertinent to the arguments presented by Defendant in its pending Motion. Defendant argues in its Motion that

---

[17] TAJM RFPs, p. 8.
[18] Original Complaint (Dkt. #1), p. 5.
[19] Defendant's Responses to RFPs, p. 11-12.

there is no genuine dispute as to whether it has made, used, sold, offered for sale or sold any accused twin blade carburetors and fuel jet tubes *from Get'M Performance Products, LLC*:

> …Although this is a patent case, the Court should grant summary judgment against TAJM's claims without claim construction because the undisputed evidence shows that Sunset never purchased or otherwise acquired the accused Get'M Performance products. Sunset could not have infringed the patents-in-suit because Sunset never acquired the accused Get'M Performance products.[20]

Defendant's highly-specific wording here and throughout Defendant's Motion is very interesting and worth noting. Defendant's argument in this respect focuses on one particular example of infringement set forth in Plaintiff's Complaint. At the time of the filing of the Complaint, Plaintiff was aware of at least one specific act of infringement by Defendant, and referenced that particular act in the Complaint. That specific act was an offer for sale in the form of a public advertisement offering Get'M Performance Twin Blade carburetors for sale to the public.[21] Defendant seems to believe that it can dispose of this entire case if it can dispose of one specific example of infringement referenced in Plaintiff's Complaint. Plaintiff believed at the time of filing, and continues to believe, that the scope of Defendant's infringing activity is likely beyond the scope of activity known to Plaintiff at the time of the filing of the Complaint.

The discovery sought by Plaintiff is directly relevant to the arguments presented in Defendant's Motion, as follows:

1. Plaintiff has requested from Defendant the model and serial numbers of the Get'M carburetors purchased and sold by Defendant. This evidence is directly relevant and pertinent to Defendant's argument that it has not used or sold the accused infringing carburetors.

2. Plaintiff has requested from Defendant documents relating to all dynamometer testing conducted by Sunset. This evidence is directly relevant and pertinent to Defendant's argument that it has not used or sold the accused infringing

[20] Defendant's Motion, p. 1.
[21] Defendant's Motion. p. 10.

products, and to the assertions made in the Jolly Declaration in regard to Defendant's decision to move away from twin blade carburetors.

3. Plaintiff has requested from Defendant documents relating to all advertising by Defendant relating to Trevor Wiggins or any Get'M Entity "Get'M," "TwinBlade," "Twin Blade," or any dynamometer tests performed by Defendant. This evidence is directly relevant and pertinent to Defendant's argument that it has not offered the accused infringing products for sale to its customers.

The above list is not necessarily an exhaustive list of the categories of evidence requested by Plaintiff and their relevance to Defendant's Motion, but it is clear that these three general categories of evidence are directly relevant and pertinent to the arguments presented in Defendant's Motion.

**CONCLUSION**

For the reasons set forth above, Plaintiff TAJM, LLC seeks a continuance from this honorable Court to allow adequate time for Plaintiff to seek production of the requested pertinent documents, full and complete answers to Plaintiff's interrogatories, and depositions of Trevor Wiggins and Jennifer Jolly. At this time, Plaintiff has reason to believe that a continuance of 60 days should be sufficient for the requested discovery. This motion is accompanied by a proposed order granting the requested relief.

Dated: January 5th, 2024

Respectfully submitted,

*/s/ Kenneth T. Emanuelson*

Kenneth T. Emanuelson
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808
Ken@Emanuelson.us

**ATTORNEY FOR PLAINTIFF TAJM, LLC**
**d/b/a MIKE LAWS PERFORMANCE**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system or electronic mail.

*/s/ Kenneth Thomas Emanuelson*
Kenneth Thomas Emanuelson

**CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned counsel has conferred with counsel for Defendant in regard to the discovery issues addressed and the relief requested by this Motion. Specifically, counsel for Plaintiff wrote to counsel for Defendant on December 31, 2024 identifying the issues addressed in this motion. Counsel for both parties met and conferred via telephone on January 3rd regarding the discovery issues addressed herein and the relief sought by this motion. Defendant declined to supplement its discovery and indicated that Defendant opposes the relief requested in this Motion.

*/s/ Kenneth Thomas Emanuelson*
Kenneth Thomas Emanuelson