**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **TAJM, LLC d/b/a MIKE LAWS PERFORMANCE** | |
| Plaintiff, | Civil Action No. 4: 23-cv-1066-SDJ |
| v. | JURY TRIAL REQUESTED |
| **SUNSET PERFORMANCE ENGINES, L.L.C.** | |
| Defendant. | |

**PLAINTIFF TAJM'S REPLY BRIEF IN SUPPORT OF**
**MOTION FOR CONTINUANCE PER RULE 56(d)**

Plaintiff TAJM, LLC d/b/a Mike Laws Performance ("TAJM" or "Plaintiff") files this Reply Brief in Support of its Motion for Continuance per Rule 56(d) (Dkt. #23) in regard to the Motion for Summary Judgment (Dkt. #20) filed Defendant Sunset Performance Engines, L.L.C. ("Sunset" or "Defendant").

**TABLE OF CONTENTS**

INTRODUCTION 1

ARGUMENT 2

I. Plaintiff Has Exhibited Reasonable Diligence at All Stages of this Litigation 2

A. Plaintiff Diligently Served Appropriate Discovery Requests on Defendant in May of 2024 3

B. Plaintiff's Discovery Requests Were Diligently Served on Defendant Seven Months Before the Original Close of Discovery of 2024, Very Soon After Discovery Opened 3

C. Pursuant to the Court's Scheduling Order and the Patent Rules of this Court, the Parties were Focused on Claim Construction Efforts from February through August of 2024 3

D. Plaintiff First Became Aware of the Magnitude of Evidence Withheld by Defendant in November of 2024 4

II. The Discovery Requested from Defendant is Highly Relevant to the Claims of the Present Case 5

CONCLUSION 5

## INTRODUCTION

The principal question presented in regard to the present Motion is whether an accused patent infringer should be permitted to resist early discovery efforts and otherwise fail to comply with its discovery obligations, and then seek an early summary judgment of non-infringement from the court based on the argument that the patent owner, which bears the burden of proving infringement, is not in possession of sufficient evidence to fully support its claims. Plaintiff submits that the situation presented here is the exact situation that Rule 56(d) is designed to prevent. In fact, Plaintiff has reason to believe (based on information obtained outside the discovery process) that Defendant has withheld documents regarding an estimated 1,000 carbureted engines that Defendant has built, used or rebuilt. Plaintiff should be permitted to obtain the discovery it needs before the Court rules on Defendants pending motion for summary judgment.

In general, Plaintiff has attempted at every stage to cooperate in good faith with Defendant in regard to both discovery and scheduling in this case. Defendant now seeks to use Plaintiff's good faith and willingness to cooperate as a weapon against it. The discovery sought by Plaintiff is directly relevant to the question of whether defendant has made, used, sold or offered for sale products infringing the patents-in-suit and the issues raised in Defendant's motion for summary judgment. Defendant would suffer no prejudice whatsoever by the continuance requested by Plaintiff's Motion, while the potential prejudice to Plaintiff could be serious. For these reasons, the Court should grant Plaintiff's Motion for Continuance and withhold judgment on Defendant's Motion until appropriate discovery is conducted.

## ARGUMENT

### I. Plaintiff Has Exhibited Reasonable Diligence at All Stages of this Litigation

Defendant argues that Plaintiff is not entitled to a continuance under Rule 56(d) on the grounds that Plaintiff has failed to demonstrate "diligence" in regard to discovery in the present case. While motions under Rule 56(d) are favored motions in the Fifth Circuit and are to be liberally granted,[1] courts have in certain circumstances refused to grant a Rule 56(d) motion where the movant has completely and utterly failed to exhibit any diligence in pursuing discovery.[2] The facts of the present case bear no resemblance to those cases. As set forth below, Plaintiff has actively and diligently sought discovery in the present case. The Rule 56(d) continuance is not necessitated by a lack of diligence, but rather by Defendant's lack of cooperation in discovery.[3]

In its Response Brief, Defendant does not even attempt to justify its improper and insufficient objections and responses to Plaintiff's initial discovery requests or its refusal to produce requested documents. It appears that Defendant implicitly concedes that its objections and responses were improper and insufficient under the federal rules. Defendant argues, however, that Plaintiff was not sufficiently "diligent" in seeking to compel Defendant to fulfill its

---

[1] *See, e.g., Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[2] *See, e.g., Agee v. City of McKinney*, No. 4:12-CV-550, 2014 WL 1232644, at *3 (E.D. Tex. Mar. 22, 2014) (denying a Rule 56(d) motion where the movant did not seek the relevant evidence prior to the close of discovery); *Harz v. Denton Cnty*., Civil Action No. 4:16-CV-00258, at *6 (E.D. Tex. June 29, 2017) (denying a Rule 56(d) motion where the movant had neither complied with Rule 26 disclosure requirements nor conducted any written discovery); C*ole v. City of Port Arthur*, Civil Action No. 1:13-CV-176, 2014 WL 3513366, at *8 (E.D. Tex. July 16, 2014) (denying a Rule 56(d) motion where movant had not requested an extension before the close of discovery).

[3] *See, e.g., Holcombe v. Advanced Integration Tech*., Civil Action No. 4:17-CV-522, 2018 WL 4908266, at *6 (E.D. Tex. Oct. 10, 2018) ("the record suggests that Holcombe only now needs time to review the documents and schedule various depositions because Defendants failed to timely produce responsive documents that were requested nearly a year ago.")

discovery obligations. The implication is that, despite Defendant's unwillingness to cooperate in discovery, Plaintiff has somehow waived its right to object to Defendant's behavior. Defendant cites to no precedent supporting this position.

**A. Plaintiff Diligently Served Appropriate Discovery Requests on Defendant in May of 2024, Very Soon After Discovery Opened**

Plaintiff was clearly diligent in serving Requests for Production and Interrogatories on Defendant. Plaintiff's initial discovery requests were served on Defendant on May 28, 2024, soon after discovery opened. (See Dkt. #23, Exhibits B and C). Accordingly, there is no basis for a finding that Plaintiff lacked any diligence in serving its discovery requests on Defendant.

**B. Plaintiff's Discovery Requests Were Diligently Served on Defendant Seven Months Before the Original Close of Discovery**

At the time of service of Plaintiff's initial discovery requests on Defendant in May of 2024, the Court's Scheduling Order provided that general discovery was open until January of 2025. (See Dkt #12, p. 2) The fact that Plaintiff served these discovery requests a full seven months before the close of discovery is very strong evidence of Plaintiff's diligence in regard to discovery. If serving discovery requests seven months before the close of discovery does not evince "diligence," it is difficult to conceive of the level of diligence that would be required to meet the threshold.

**C. Pursuant to the Court's Scheduling Order and the Patent Rules of this Court, the Parties were Focused on Claim Construction Efforts from February through August of 2024**

The initial Scheduling Order and deadlines agreed to by both Parties and entered by this Court (Dkt. #12) provided for the parties to focus on claim construction from April to October of 2024. (Dkt #12, pp. 1-2) General discovery, by contrast, was to proceed until January of 2025 (Dkt. #12, p. 3). Pursuant to the guidance in the Court's Scheduling Order, the Parties' efforts on

this case were heavily focused on meeting claim construction deadlines for most of 2024, and the claim construction process was clearly the priority through October of 2024.

As noted, Plaintiff served its initial discovery requests on Defendant in May of 2024. Numerous claim construction deadlines fell in the months of May and June of 2024, with claim construction briefs due soon thereafter. (Dkt. #12, p. 2) Again, the close of general discovery at that time was still seven months away. Accordingly, while Plaintiff was aware of Defendant's failure to appropriately comply with the rules in regard to its objections and responses, the decision to focus attention on the impending court-ordered claim construction deadlines does not constitute any lack of "diligence" in regard to general discovery.

**D. Plaintiff First Became Aware of the Magnitude of Evidence Withheld by Defendant in November of 2024**

Defendant's argument as to diligence also ignores the fact that Plaintiff became aware of newly-released, public information in November of 2024 indicating the massive volume of relevant evidence being withheld by Defendants in this action. As explained in Plaintiff's principal Brief, this newly-released information revealed that Defendant has built (or reconditioned) between 1,200 and 1,500 carbureted racing engines during the period covered by this lawsuit. By contrast, Defendant has only produced documentation relating to approximately 220 carburetors over that six-year period. These public statements by Defendant's owner were published on YouTube on September 28, 2024, and were first discovered by Plaintiff in or about mid-November of 2024, shortly before Defendant filed its motion for summary judgment.

With this additional information in hand, the disparity between the volume of Defendant's product output and the documents produced by Defendant became very clear. Prior to acquisition of this information, Plaintiff suspected that Defendant had withheld at least some

relevant documents from production. With this evidence in hand, however, it was clear that Defendant has produced only a fraction of the documents in its possession relevant to this case.

Defendant argues that much of its engine work comprises repair, refurbishing and upgrading of engines, rather than manufacture of new engines. (Defendant's Response, p. 12) There are at least two problems with this argument. First, Defendant provides no actual numbers, and no objective information or any evidence whatsoever by which the veracity of counsel's claim can be evaluated. Second, an engine being repaired, refurbished or upgraded could require a new or rebuilt carburetor. There is nothing within the argument presented by Defendant's counsel that quantifies the total volume of carburetors made, used, sold or offered for sale by Defendant.

## II. The Discovery Requested from Defendant is Highly Relevant to the Claims of the Present Case

Defendant argues that Plaintiff has failed to identify any "specific facts" that would affect the outcome of the Court's ruling on the Motion for Summary Judgment. (Response, p. 11) The primary infringement issue in this case is whether Defendant "makes, uses, offers to sell, or sells" products infringing the patents-in-suit. 35 U.S.C. § 271. Plaintiff's initial discovery requests to Defendant were specifically directed toward ascertaining the products and activities of Defendant regarding carburetors and the engines on which they are installed. In other words, Plaintiff's discovery requests are specifically directed to identifying the carburetor products that were made, used, offered for sale, and sold by Defendant during the relevant period.

## CONCLUSION

For the reasons set forth above, Plaintiff TAJM, LLC urges this honorable Court to order a brief continuance to allow adequate time for Plaintiff to pursue appropriate discovery from Defendant.

Dated: January 28th, 2025

Respectfully submitted,

*/s/ Kenneth T. Emanuelson*
Kenneth T. Emanuelson
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808
Ken@Emanuelson.us
**ATTORNEY FOR PLAINTIFF TAJM, LLC dba MIKE LAWS PERFORMANCE**

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system or electronic mail.

*/s/ Kenneth Thomas Emanuelson*
Kenneth Thomas Emanuelson